[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a memorandum of decision with respect to the plaintiff's pendente lite Motion to Modify Child Support, which motion is dated January 29, 2001.
The facts in this matter have been entered by stipulation. CT Page 3664 Essentially, the parties were separated on or about November, 1999. Subsequent to the separation, there was an assault of the defendant by the plaintiff and the issuance of a protective order, which order was violated. On or about November, 2000, the plaintiff entered pleas of guilty to having assaulted the defendant and to the violation of the protective order. He was sentenced at that time to ninety days incarceration. The other conditions of his sentence are not known.
It was also stipulated that the defendant was an active participant in the sentencing process, as a victim, either directly or through the office of the victim's advocate. As a result of the conviction and the ensuing incarceration of the plaintiff, the plaintiff lost his job and is currently not employed.
The motion for modification pending is based on a change in circumstances, namely the plaintiff's current lack of employment.
The threshold issue is whether the plaintiff can request relief through modification when the grounds alleging a substantial change in circumstance are brought about through his own intentional act.
A review of the cases which have considered issues substantially similar to the one presented here would include McBride v. Singleton,
No. FA92-0610868, Judicial District of Hartford at Hartford, January 14, 2000; Crouse v. Crouse, 21 Conn.L.Rptr. 390 (Solomon, J., 1998);Charette v. Charette, 19 Conn.L.Rptr. 187, 3 Conn. Ops. 579 (Zarella, J., April 30, 1997); Deal v. Deal, Superior Court, Judicial District of Middletown, No. 73317 (Gordon, J., January 2, 1996); O'Connell v.O'Connell, Superior Court, Judicial District of New Haven, No. FA81-0192265 (Axelrod, J., May 14, 1992); Carrero v. Gonzalez, S.M.D. 177 (1997); Scapin v. Scapin, 11 S.M.D. 171, 20 Conn.L.Rptr. 348,3 Conn. Ops. 1039 (1997); Moore v. Moore, 10 S.M.D. 197 (1996); Flemming v.Raiford, 10 S.M.D. 80 (1996).
Most of these cases involve modifications based on incarceration. The common thread that runs through all of them is that if the circumstances relied on by the moving party were self imposed, and the result of one's own volitional acts, then modification should not be granted.
While the court recognizes that there has been some division of authority within the courts of this state as well as between the other states, the more reasoned approach is contained in the decisions above-cited.
In addition, the plaintiff argues that the defendant's participation in the sentencing process would distinguish it from those cases which have CT Page 3665 otherwise disposed of this issue. The court finds no basis in law, equity or logic to support such a distinction.
For the foregoing reasons, the plaintiff's pendente lite Motion to Modify Child Support is denied.
Robaina, J.